IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00362-MR-WCM

| | | |
|---|---|---|
| JIMMY BIRCHFIELD, | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| v. | ) | |
| | ) | |
| KELLEX CORPORATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on Defendant's "Motion to Compel Plaintiff's Discovery and Supporting Brief" ("the Motion to Compel," Doc. 11).

I. Relevant Background

On February 24, 2022, and after consultation with counsel for the parties, the undersigned entered a Pretrial Order and Case Management Plan (the "Pretrial Order," Doc. 8) which set, among other things, a deadline for the exchange of initial disclosures and a deadline to complete court-enforceable discovery. Doc. 8.

The parties did not initially designate a mediator, but Defendant subsequently did so on April 5, 2022, following a separate Order. Docs. 9, 10.[1]

On June 17, 2022, Defendant filed the Motion to Compel. Doc. 11.

---

[1] During the July 14 hearing, Plaintiff's counsel advised that Plaintiff does not object to Defendant's choice of mediator.

1

Plaintiff did not respond by the deadline of July 1, 2022 but did file a response in opposition to the Motion to Compel on July 12, 2022. Doc. 12.

A hearing on the Motion to Compel was conducted on July 14, 2022.

## II. Discussion

The dispute that is the basis for the Motion to Compel is straightforward; at the time the Motion was filed, Plaintiff had not served initial Rule 26 disclosures and had not responded to Defendant's First Set of Interrogatories and First Request for Production of Documents (the "Discovery Requests"). In the Motion to Compel, Defendant argued that Plaintiff's claims should be dismissed or, alternatively, that Plaintiff should be ordered to provide his initial disclosures and respond to the Discovery Requests, and to pay Defendant's expenses, including reasonable attorneys' fees, associated with the Motion to Compel.

In Plaintiff's response to the Motion to Compel, Plaintiff admitted that he did not timely respond to emails from defense counsel inquiring about discovery but stated that he "had a technical issue whereby emails that were not previously denoted as junk emails were unknowingly being sent to counsel's junk folder." Doc. 12 at 1. Plaintiff's counsel advised that he has since "cured this defect" and that he has "complied with Defendant's outstanding discovery requests and provided initial disclosures." Id.

During the July 14 hearing, Defendant confirmed that Plaintiff has now

2

provided his initial disclosures and responded to the Discovery Requests, and that Plaintiff's counsel had been, of late, diligent in responding to defense counsel's communications.

Plaintiff's counsel, in turn, took responsibility for his earlier failures to provide initial disclosures and responses to the Discovery Requests.

As Plaintiff has now produced his initial disclosures and responded to the Discovery Requests, at the conclusion of the hearing the undersigned denied the Motion to Compel as moot[2] to the extent it sought to compel Plaintiff's provision of these materials and reserved ruling on the issue of whether to award fees and expenses to Defendant.

Having reflected further on that question, the court, in its discretion, will deny Defendant's request. While email issues may have accounted for some delay in Plaintiff responding to defense counsel's messages, counsel was aware of the deadlines set out in the Pretrial Order and received the Discovery Requests by mail. Nonetheless, the undersigned notes Plaintiff's counsel's representation that he has addressed the administrative and technological issues that led to the problems, appreciates his candor regarding these topics, and fully expects similar issues will not arise again as this matter progresses.

---

[2] During the hearing, counsel advised that discussions regarding the sufficiency of Plaintiff's responses to the Discovery Requests are ongoing. The court's ruling on the Motion to Compel is limited to the issues raised by that filing and does not pertain to the sufficiency of any of Plaintiff's responses.

3

Accordingly, to the extent Defendant's Motion to Compel Written Discovery Responses (Doc. 11) seeks an order compelling Plaintiff to provide initial disclosures and responses to the Discovery Requests, it is **DENIED AS MOOT**. To the extent the Motion seeks an order awarding fees and costs pursuant to Rule 37(a)(5)(A), the Motion is **DENIED**.

It is so ordered.

Signed: July 19, 2022

W. Carleton Metcalf
United States Magistrate Judge